BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00023-MCE-KJN |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $5,300.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On October 9, 2012, agents with the Immigration and Customs Enforcement executed a federal search warrant.  The agents seized the defendant Approximately $5,300.00 in U.S. Currency ("defendant currency").  The U.S. Customs and Border Protection ("CBP") commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 18, 2012, CBP received claims from Oscar Innocenti and Francesca Innocenti asserting an ownership interest in the defendant currency.

2.     The United States represents that it could show at a forfeiture trial that on or about October 9, 2012, a federal search warrant was executed at 13234 Willow Valley Road in Nevada City, California.  While executing this search warrant, officers found

1

1 the defendant currency, approximately 83 marijuana plants growing outside the
2 residence, a plastic bag containing 217 grams of processed marijuana, a plastic bag
3 containing three pounds of processed marijuana as well as a false wall in the garage
4 containing marijuana shake and other items used in the processing of marijuana.

5   3.   The United States represents that it could further show at a forfeiture trial
6 that after being advised of his Miranda rights and agreeing to the interview, claimant
7 Oscar Innocenti stated he and Francesca Innocenti grew the marijuana plants on the
8 property for themselves and three other individuals and that he had been engaged in
9 the production of marijuana for three years.  Additionally, after being advised of her
10 Miranda rights and agreeing to the interview, Francesca Innocenti stated that she and
11 Oscar Innocenti had grown all the marijuana in the garden, but only for themselves.

12   4.   The United States could further show at a forfeiture trial that the
13 defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

14   5.   Without admitting the truth of the factual assertions contained above,
15 Oscar Innocenti and Francesca Innocenti specifically denying the same, and for the
16 purpose of reaching an amicable resolution and compromise of this matter, Oscar
17 Innocenti and Francesca Innocenti agree that an adequate factual basis exists to
18 support forfeiture of the defendant currency.  Oscar Innocenti and Francesca Innocenti
19 hereby acknowledge that they are the sole owners of the defendant currency, and that
20 no other person or entity has any legitimate claim of interest therein.  Should any
21 person or entity institute any kind of claim or action against the government with
22 regard to its forfeiture of the defendant currency, Oscar Innocenti and Francesca
23 Innocenti shall hold harmless and indemnify the United States, as set forth below.

24   6.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345
25 and 1355, as this is the judicial district in which acts or omissions giving rise to the
26 forfeiture occurred.

27   7.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
28 district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest of Oscar Innocenti and Francesca Innocenti in the defendant Approximately $5,300.00 in U.S. Currency, together with any interest that may have accrued, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

12. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

13. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: April 8, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE